| Order Form (01/2005) | | | |

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-2429 | **DATE** | 4/10/12 |
| **CASE TITLE** | Fasullo v. The People of the United States | | |

### DOCKET ENTRY TEXT

Plaintiff's Complaint fails to state a claim for relief. Accordingly, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [4] is denied. Plaintiff still remains obligated to pay the full filing fee of $350. Before pursuing any future litigation, Plaintiff must pay any and all outstanding fees. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On March 5, 2012, Plaintiff Louis Fasullo filed a Complaint with an application to proceed without paying the customary $350 filing fee. Plaintiff's Complaint alleges that "The People of the United States has conspired to commit Interception, Threats, Assault, Intimidation, Slander, Conspiracy, and this could be a Bivens Conspiracy." Plaintiff has failed to state a claim upon which relief may be granted, and any claims that can be identified in Plaintiff's Complaint are also frivolous.

If a court is presented with a case submitted with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, if a case is filed before a court with a request to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained. The reason might be jurisdictional." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); *see Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (affirming that dismissal of a case as frivolous was appropriate when the facts

## STATEMENT

alleged rose to a "level of the irrational or the wholly incredible").

Even affording Plaintiff's *Pro Se* Complaint a liberal reading, it would not survive a motion to dismiss because it fails to state any sufficient claim for relief against the Defendant, and Plaintiff submits no legal authority to support his Complaint. Beyond this, Plaintiff's allegations are patently frivolous and without merit. Plaintiff fails to provide the defendant (if the "People of the United States" could be named as a proper defendant), or the Court, with fair notice of the claims alleged and the grounds upon which they rest. Plaintiff has provided no legal or jurisdictional basis to support his claims, and they lack merit. Because of the frivolity and Plaintiff's inability to state a claim upon which relief may be granted, his *In Forma Pauperis* Application is denied, and his Complaint is dismissed with prejudice.